DORON WEINBERG (SNB 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
Email: doronweinberg@aol.com

Attorney for Defendant
JOHN MICHAEL GALLOWAY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOHN MICHAEL GALLOWAY,<br>NICHOLAS DIAZ,<br>GLENN GUILLORY,<br>THOMAS JOYCE, and<br>CHARLES ROCK,<br><br>  Defendants. | CASE NO.  CR-14-0607 PJH<br><br>**DEFENDANTS' MOTION TO DISMISS MAIL FRAUD COUNTS; OR IN THE ALTERNATIVE, TO STRIKE THE OMISSIONS THEORY AS INSUFFICIENTLY PLEADED**<br><br>DATE:  July 27, 2016<br>TIME:  2:30 P.M.<br>JUDGE:  Hon. Phyllis J. Hamilton<br>COURT:  3, 3rd Floor |

///
///
///
///
///
///

_____
Defendants' Motion to Dismiss Mail Fraud Counts; Or in The
Alternative, to Strike The Omissions Theory As
Insufficiently Pleaded (Case No. CR-14-0607 PJH)

**TABLE OF CONTENTS**

| | PAGE |
|---|---|
| INTRODUCTION | 2 |
| ARGUMENT | |
|     A.   The Legal Framework. | 4 |
|     B.   The Indictment Fails to Allege Any Affirmative Misrepresentation. | 4 |
|     C.   The Indictment Fails to Allege Any Actionable Omission. | 7 |
|     D.   Any Representations or Omissions Pleaded or Implied In the Indictment Are Not Material. | 9 |
| CONCLUSION | 10 |

Defendants' Motion to Dismiss Mail Fraud Counts; Or in The Alternative, to Strike The Omissions Theory As Insufficiently Pleaded (Case No. CR-14-0607 PJH)

i

# TABLE OF AUTHORITIES

**CASES**     **PAGE**

*Chiarella v. United States*, 445 U.S. 222 (1980)     7

*Cleveland v. United States*, 531 U.S. 12 (2000)     6, 7

*County of Marin v. Deloitte Consulting LLP*,
836 F.Supp.2d 1030, 1042 (N.D. CA 2011)     10

*Eller v. EquiTrust Life Insurance Co.*, 778 F.3d 1089 (9th Cir. 2015)     4, 7

*Loughrin v. United States,* ___U.S.___, 134 S. Ct. 2384 (2014)     6, 7

*McNally v. United States*, 483 U.S. 350 (1987)     6

*Neder v. United States*, 527 U.S. 1 (1999)     9

*Russell v. United States*, 369 U.S. 749 (1962)     4

*United States v. Benny*, 786 F.2d 1410 (9th Cir. 1986)     6

*United States v. Bohonus*, 628 F.2d 1167 (9th Cir. 1980)     6

*United States v. Boren*, 278 F.3d 911 (9th Cir. 2002)     4

*United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979)     4, 5

*United States v. Cochran*, 109 F.3d 660 (10th Cir. 1997)     8

*United States v. Colton*, 331 F.3d 890 (4th Cir. 2000)     7

*United States v. Curtis*, 506 F.2d 985 (10th Cir. 1974)     5

*United States v. Dowling*, 739 F.2d 1445 (9th Cir. 1984),
*rev'd on other grounds*, 473 U.S. 207 (1985)     7

*United States v. DuBo*, 186 F.3d 1177 (9th Cir. 1999)     9

*United States v. Josten*, 704 F. Supp. 841 (N.D. IL 1989)     5

*United States v. Kalu*, 791 F.3d 1194 (2015)     7

*United States v. Laurienti*, 611 F.3d 530, 539 (9th Cir. 2010)     7

*United States v. Livingston*, 2011 WL 347136 (E.D. CA)     6

*United States v Lonich*, 2016 W.L. 324039 (N.D. CA Jan. 27, 2016)     4, 9

---

Defendants' Motion to Dismiss Mail Fraud Counts; Or in The Alternative, to Strike The Omissions Theory As Insufficiently Pleaded (Case No. CR-14-0607 PJH)

| | | |
|---|---|---|
| 1 | *United States v. Nance*, 533 F.2d 699 (D.C. Cir. 1976) | 5 |
| 2 | *United States v. ORS, Inc.*, 997 F.2d 628 (9th Cir. 1993) | 4 |
| 3 | *United States v. Omer*, 395 F.3d 1087 (9th Cir. 2005) | 4, 9 |
| 4 | *United States v. Pirro*, 212 F.3d 86 (2nd Cir. 2000) | 9 |
| 5 | *United States v. Rodriguez*, 140 F.3d 163 (2nd Cir. 1998) | 9 |
| 6 | *United States v. Rosi*, 27 F.3d 409 (9th Cir. 1994) | 4 |
| 7 | *United States v. Steffen*, 687 F.3d 1104 (8th Cir. 2012) | 7 |
| 8 | *United States v. Talkington*, 589 F.2d 415 (9th Cir. 1978) | 10 |
| 9 | *United States v. Woods*, 335 F.3d 993 (9th Cir. 2003) | 6, 9 |
| 10 | *United States v. Yefsky*, 994 F.2d 885 (1st Cir. 1993) | 5 |

**STATUES AND OTHER AUTHORITIES**

| | | |
|---|---|---|
| | *Ninth Circuit Manual of Model Criminal Jury Instructions*, 8.121 | 3 |
| | Federal Rule of Criminal Procedure 7 | 3 |
| | Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and (v) | 4 |
| | 18 USC § 1341 | 2 |
| | United States Sentencing Guideline § 2B1.1(c)(3) | 2 |

Defendants' Motion to Dismiss Mail Fraud Counts; Or in The Alternative, to Strike The Omissions Theory As Insufficiently Pleaded (Case No. CR-14-0607 PJH)

iii

DORON WEINBERG (SNB 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
Email: doronweinberg@aol.com

Attorney for Defendant
JOHN MICHAEL GALLOWAY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-14-0607 PJH |
| Plaintiff, | DEFENDANTS' MOTION TO DISMISS MAIL FRAUD COUNTS; OR IN THE ALTERNATIVE, TO STRIKE THE OMISSIONS THEORY AS INSUFFICIENTLY PLEADED |
| vs. | |
| JOHN MICHAEL GALLOWAY, NICHOLAS DIAZ, GLENN GUILLORY, THOMAS JOYCE, and CHARLES ROCK, | |
| Defendants. | DATE: July 27, 2016<br>TIME: 2:30 P.M.<br>JUDGE: Hon. Phyllis J. Hamilton<br>COURT: 3, 3rd Floor |

TO: UNITED STATES OF AMERICA, PLAINTIFF, AND TO E. KATE PATCHEN, ASSISTANT CHIEF, ANTITRUST DIVISION, AND TO MICAH L. RUBBO, ALEXIS J. LOEB AND SARA A. MUSSER, TRIAL ATTORNEYS, ANTITRUST DIVISION, AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on July 27, 2016 at 2:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Phyllis J. Hamilton, United States Chief District Judge, all defendants, by and through their counsel of record, will move the Court for its Order granting this motion to dismiss the mail fraud counts in the instant Indictment.

---

Defendants' Motion to Dismiss Mail
Fraud Counts, or In the Alternative to
Strike the Omissions Theory As
Insufficiently Pleaded (Case No. CR-14-0607 PJH)         1

# INTRODUCTION

Defendants are aware that at the time the Court hears the instant motion to dismiss the mail fraud counts in the Indictment the Court will have considered and, perhaps, ruled upon motions to dismiss similar mail fraud counts in other related cases.

But defendants do not make the instant motion simply to preserve their record for appeal. Rather, defendants present this motion, together with the motion for bill of particulars, to demonstrate that the government's theory of mail fraud is fundamentally flawed.

The issues raised by each of defendants' instant motions arise as a consequence of a tactical stratagem chosen by the government: the choice to convert a simple bid-rigging agreement into two separate conspiracies, one to rig bids and a second conspiracy to commit mail fraud.

The consequence for defendants of this choice is substantial: while bid-rigging is generally viewed as an illegal business practice and frequently met with only civil penalties, mail fraud is universally viewed as a crime of moral turpitude, with sentencing guidelines that are roughly double those of bid-rigging, and additional penalties such as forfeiture that are not attendant to bid-rigging convictions.[1]

In fact, however, the conduct with which defendants herein are charged does not constitute mail fraud, and the Indictment on its face does not state a cause of action for mail

---

[1] If permitted, the government's separation of the bid-rigging and fraud charges could also allow it to circumvent the provisions of United States Sentencing Guideline § 2B1.1(c)(3) which provides that where a defendant is convicted under a statute proscribing false fictitious or fraudulent statements or representations, such as 18 USC § 1341, and "the conduct set forth in the count or conviction establishes an offense specifically covered by another Guideline in Chapter Two (Offense Conduct), apply that other Guideline." In other words, if defendants were to be convicted of fraud based upon false statements or representations made in the context of their bid-rigging conspiracy, they would be entitled to sentencing under the bid-rigging Guidelines, rather than under the considerably harsher fraud Guidelines.

fraud. Indeed, the Indictment is woefully vague and fails to allege the necessary elements of fraud, precisely because defendants' conduct did not satisfy the elements of mail fraud. Defendants believe that this is clear on the face of the Indictment, and will be further clarified by the government's responses to defendants' Motion for Bill of Particulars.

The failure of the mail fraud counts to adequately state a cause of action is the product of the government's attempt artificially to divide one course of conduct into two separate conspiracies. To accomplish this division, ¶ 15 of the Indictment specifically incorporates only paragraphs 1-6 of the Indictment into the scheme to defraud, and does not incorporate paragraphs 7-14 which set out the bid-rigging charge. Thus, for example, ¶ 18c cites the payment of monies that "otherwise would have gone to beneficiaries" and ¶ 18e alleges the causing of "suppressed purchase prices" to be reported and paid to beneficiaries, without any explanation of what money should have gone to beneficiaries and why or how purchase prices were improperly, let alone illegally, suppressed. To the extent that the Indictment offers any information about unpaid monies and suppressed prices, that information is contained in ¶ 11, which the Indictment clearly intends not to incorporate into ¶ 18. This leaves no explanation, explicit or implicit, for how any fraud was committed. Indeed, the mail fraud allegations are exposed as unsupportable; they begin after the property has been sold at or above the price set by the debt-holders.

The elements of mail fraud are clear. It must be shown that (1) the defendant devised or intended to devise a scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises; (2) the statements made or facts omitted as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing a person to part with money or property; (3) the defendant acted with the intent to defraud, that is, with the intent to deceive or cheat; and (4) the defendant used or caused to be used, the mails to carry out an essential part of the scheme. *Ninth Circuit Manual of Model Criminal Jury Instructions*, 8.121.

---

Defendants' Motion to Dismiss Mail Fraud Counts, or In the Alternative to Strike the Omissions Theory As Insufficiently Pleaded (Case No. CR-14-0607 PJH)   3

Since the properties had already been sold before the fraud conspiracy as alleged had begun, that conduct does not and cannot, encompass the elements of mail fraud.

## ARGUMENT

**A.   The Legal Framework**.

Federal Rule of Criminal Procedure 7 states that "an Indictment or Information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." (F.R.Crim.P. 7(c)(1)).  Rule 12 of the F.R.Crim.P. provides that a defendant may challenge any defect in the Indictment, including a lack of specificity and failure to state an offense. (F.R.Crim.P. 12(b)(3)(B)(iii) and (v)).

An Indictment must allege every element of the offense charged, *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005) and must set forth, within its four corners, facts sufficient to establish that a cognizable offense has been charged. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002); *United States v. ORS, Inc.*, 997 F.2d 628 (9th Cir. 1993).

"An Indictment is sufficient to withstand a defendant's motion to dismiss 'if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense;  (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury;  (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.'" *United States v Lonich*, 2016 W.L. 324039, at 3 (N.D. CA Jan. 27, 2016), (Illston, J.) citing *United States v. Rosi*,  27 F.3d 409, 414 (9th Cir. 1994).  See also, *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979); *Russell v. United States*, 369 U.S. 749, 743 (1962).

**B.   The Indictment Fails to Allege Any Affirmative Misrepresentation.**

Mail fraud requires either (a) an affirmative misrepresentation or (b) a non-disclosure under circumstances where the defendant had a duty to disclose. *Eller v. EquiTrust Life Ins. Co.,*

---

Defendants' Motion to Dismiss Mail Fraud Counts, or In the Alternative to Strike the Omissions Theory As Insufficiently Pleaded (Case No. CR-14-0607 PJH)         4

778 F3d 1089, 1092 (9th Cir. 2015).  This Indictment alleges neither.

The sole reference to an affirmative misrepresentation in the Indictment is the conclusory allegation that defendants "ma[de] and caus[ed] to be made materially false and misleading statements that trustees relied upon to distribute proceeds to beneficiaries and to convey title to selected properties."  (Indictment, ¶ 18b).  But the Indictment nowhere states, or even suggests what those alleged false statements were, and to whom they were made, let alone how they influenced anyone to part with something of value.

A single boilerplate allegation that false statements were made simply cannot support a mail fraud charge.  See *United States v. Nance*, 533 F.2d 699, 700 (D.C. Cir. 1976) (holding that fraud counts should have been dismissed because they failed to "allege any of the factual particulars of the false representations which defrauded the victim."); *United States v. Curtis*, 506 F.2d 985, 990 (10th Cir. 1974) (cited with approval in *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979)  (affirming dismissal of a mail fraud indictment because it failed to allege "the nature of the schemes or artifices . . . including the particular pretenses, representations or promises claimed to have been false."); *United States v. Josten*, 704 F.Supp. 841, 842 (N.D. IL 1989) (dismissing an indictment charging investors with mail fraud because it did not set forth the representations alleged to be false, nor did it give the details of the allegedly improper investments."); see also, *United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993) (finding an indictment insufficient where it "did not divulge the factual basis" of the allegations that the defendant "obtained [ ] money from [victims] through false pretenses.").

This Indictment similarly fails to identify a single statement made or caused to be made by defendants that had a natural tendency to influence or was capable of influencing a person to part with money or property.

Based on discussions with government counsel, as well as a review of pleadings in related cases, defendants are aware that the government may contend, relying on *United States v.*

---
Defendants' Motion to Dismiss Mail
Fraud Counts, or In the Alternative to
Strike the Omissions Theory As
Insufficiently Pleaded (Case No. CR-14-0607 PJH)        5

1  *Woods*, 335 F.3d 993, 997-98 (9th Cir. 2003), *United States v. Bohonus*, 628 F.2d 1167 (9th Cir.
2  1980) and *United States v. Livingston*, 2011 WL 347136 (E.D. CA), that the indictment need not
3  allege and the government need not prove specific false statements or misrepresentations in order
4  to sustain a mail fraud count.

5      This contention fails for two reasons: first, in the cases in which that general language
6  appears, the facts reveal that defendants' conduct was intended to mislead by suggesting or
7  implying certain facts to be true when they were not.  In other words, defendants made implicit,
8  if not necessarily explicit, statements and misrepresentations to mislead their victims into parting
9  with things of value.

10     Second, and more basically, as persuasively argued by counsel for Michael Marr in
11 related case CR-14-00580 PJH, in the reply in support of Marr's motion to dismiss mail fraud
12 counts, decisions like *Woods, Bohonus* and *Livingston* are no longer viable in light of subsequent
13 developments in the law.  Those cases are based on a reading of the mail fraud statutes that
14 suggests it encompasses two different ways of committing fraud – by making false or misleading
15 misrepresentations *or* by engaging in a scheme to defraud.  Based on this reading, these cases
16 appear to require only dishonest or deceptive conduct rather than material misrepresentations or
17 omissions.

18     However, the Supreme Court has made clear that this reading is incorrect and that the two
19 phrases common to the mail fraud statutes do not define separate offenses, but are simply two
20 different verbal formulations defining the same offense. See, *Cleveland v. United States*, 531
21 U.S. 12, 26 (2000); and *Loughrin v. United States*, ___U.S.___, 134 S.Ct. 2384, 2391 (2014).  In
22 *Loughrin*, the Court confirmed that the mail fraud statute defines only one offense.  "[D]espite
23 the word 'or,' *McNally* [*v. United States*, 483 U.S. 350 (1987)] understood that provision as
24 setting forth just one offense – using the mails to advance a scheme to defraud.  The provision's
25 back half, we held, merely codified a prior judicial decision applying the front half: in other

---

Defendants' Motion to Dismiss Mail
Fraud Counts, or In the Alternative to
Strike the Omissions Theory As
Insufficiently Pleaded (Case No. CR-14-0607 PJH)     6

words, the back clarified that the front included certain conduct, rather than doing independent work." As the Tenth Circuit recognized in *United States v. Kalu*, 791 F.3d 1194, 1203, n.11 (2015). "In light of *Cleveland* and *Loughrin*, our previous precedent indicating section 1341 contains two separate offenses appears untenable."

These authorities also lay to rest the alternative theory of "concealment" suggested in ¶ 18d of the Indictment, and argued by the government in *United States v. Marr*. This theory appears to be based entirely on one Fourth Circuit opinion, *United States v. Colton*, 331 F.3d 890 (4th Cir. 2000), and suggests that mail fraud requires neither a material misrepresentation nor a material omission where there is a duty to disclose, but can be committed by a fraudulent concealment. As *Cleveland* and *Loughrin* make clear, neither mere omission nor mere concealment constitutes fraud. The government must allege more than a vague pattern of deceptive conduct. It must allege a material misrepresentation or an omission where there is a duty to disclose.  This it plainly has not done.

### C. The Indictment Fails to Allege Any Actionable Omission.

Just as it fails to allege a misrepresentation by defendants, the Indictment fails to allege any actionable omission, that is, a non-disclosure under circumstances where the defendant had a duty to disclose. See, *Eller v. EquiTrust, supra*, at 1092; *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986) (mail fraud requires "an affirmative material misrepresentation" or, in the case of "constructive" fraud, breach of a duty to disclose); *United States v. Dowling*, 739 F.2d 1445, 1448-49 (9th Cir. 1984), *rev'd on other grounds*, 473 U.S. 207 (1985) ("[A] scheme to defraud need not be an active misrepresentation, * * * [but] a non-disclosure can only serve as a basis for a fraudulent scheme when there exists an independent duty that has been breached[.]"); *United States v. Laurienti*, 611 F.3d 530, 539 (9th Cir. 2010); *Chiarella v. United States*, 445 U.S. 222, 235 (1980) ("When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak.").

---

Defendants' Motion to Dismiss Mail Fraud Counts, or In the Alternative to Strike the Omissions Theory As Insufficiently Pleaded (Case No. CR-14-0607 PJH)         7

Thus, for example, in *United States v. Cochran*, 109 F.3d 660, 665-66 (10th Cir. 1997), the Court reversed the fraud conviction of a defendant who as a representative of the firm underwriting several municipal bonds failed to disclose that the firm had received compensation from both the issuers and various third-party financial institutions, and had allegedly made misstatements of fact which induced false beliefs regarding the amount of the bids in question. Viewing the evidence in the light most favorable to the verdict, the Court reversed for insufficiency of the evidence because there was no duty to disclose. "The evidence in this case does not support such a duty, nor does it support the government's alternative theory that [the underwriter's] nondisclosure coupled with its allegedly affirmative misstatements of fact . . . induced false beliefs regarding the amount of the . . . bid . . . . In reality, we analyze the government's alternative theory virtually the same way as its nondisclosure theory because the alternate theory presupposes a duty to disclose with any statements unaccompanied by such disclosure deemed fraudulent."

Just like stating a net bid without disclosing that the bid would have been higher absent a broker fee, as in *Cochran*, or selling collateral without a bank's approval and then making a draw request, as in *United States v. Steffen,* 687 F.3d 1104, 1114-16 (8th Cir. 2012), purchasing property at public auctions without informing trustees and beneficiaries of alleged payments between bidders is not an affirmative act of deception.

Since the Indictment does not allege that the defendants had any duty to disclose information which they did not disclose, the government should not be permitted to proceed under this Indictment with any theory of culpability based on omissions by defendants.

In *United States v. Lonich, supra*, the defendant challenged several counts of mail fraud based on a fraud theory of material omission on the ground that he had no duty to inform a bank he was subject to criminal investigation at the time he secured financing. The Court agreed: "Defendant argues that the common law definition of fraud, which has been read into the fraud

---

Defendants' Motion to Dismiss Mail
Fraud Counts, or In the Alternative to
Strike the Omissions Theory As
Insufficiently Pleaded (Case No. CR-14-0607 PJH)        8

statutes, has traditionally treated a duty to disclose as an element of omission fraud. The government responds that the issue of duty is not an element of the offense that must be alleged, but rather that the 'duty exception'. . . is an affirmative defense and thus need not be alleged in the indictment." (Citation omitted). The Court has reviewed the authority relied on by the parties, and agrees with defendant that if the government wished to prosecute based on an omissions theory, the indictment must allege that defendant owed a duty to disclose. "Implied, necessary elements, not present in the statutory language, must be included in an indictment." *United States v. Lonich, supra*, at 7-8; citing *United States v. DuBo*, 186 F.3d 1177, 1179 (9th Cir. 1999), *United States v. Pirro*, 212 F.3d 86, 93 (2nd Cir. 2000). The Court accordingly dismissed the challenged mail fraud counts.

Defendants accordingly respectfully request that, if the Court does not dismiss the mail fraud counts in their entirety for failure to state a cause of action, it strike the omissions theory from the Indictment as insufficiently pleaded.

### D. Any Representations or Omissions Pleaded or Implied In the Indictment Are Not Material.

It is well established that materiality is an essential element of mail fraud. *Neder v. United States*, 527 U.S. 1, 25 (1999); *United States v. Woods*, 335 F.3d 993, 999 (9th Cir. 2003); *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2004).

Even if the Court were to construe the allegations of the Indictment to identify specific misrepresentations or omissions, such statements or omissions are not material because they were not capable of influencing the bank's or debt-holder's decision, to part with property. "[A] false statement is material if it has a natural tendency to influence, or [is] capable of influencing, the decision of the decision making body to which it was addressed." *Neder v. United States*, 527 U.S. 1, 16 (1999).

Where an alleged misrepresentation or omission could not have influenced the person or

decision maker to whom it was directed, it is not material.  See, *United States v. Rodriguez*, 140 F.3d 163, 168 (2nd Cir. 1998) ("There simply was no evidence at trial that the misrepresentation could have, or did influence Chemical Bank's decision to allow Rodriguez to reach the funds at issue."); *United States v. Talkington*, 589 F.2d 415, 417 (9th Cir. 1978) (reversing conviction for making false statements to federal agency because the statements were not capable of influencing the agency's decision); *County of Marin v. Deloitte Consulting LLP*, 836 F.Supp.2d 1030, 1042 (N.D. CA 2011) (holding that plaintiff failed to establish wire fraud because defendant's allegedly fraudulent conduct took place after plaintiff decided to enter the transaction, and plaintiff thus could not "identify [ ] a particular *transaction* between the parties that would not have resulted.") (Original emphasis).

Apart from invoking the word "materiality," the Indictment does nothing to establish it. It fails to suggest how any statement made after the bid had been accepted at auction influenced the seller to do or refrain from doing anything. Clearly, the participants in the auctions here, just as participants in any auction, are not required to inform the seller or the auctioneer of their willingness to pay more than their winning bid, or more than the seller was willing to accept. Accordingly, the mail fraud charge cannot be sustained.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the government's attempt to manufacture a crime of mail fraud where none exists should be rejected and the mail fraud counts should be dismissed.

Dated:   May 24, 2016                          Respectfully submitted,

                                               LAW OFFICES OF DORON WEINBERG

                                                /s/ Doron Weinberg
                                               DORON WEINBERG
                                               Attorney for Defendant
                                               JOHN MICHAEL GALLOWAY on Behalf of
                                               All Defendants

---
Defendants' Motion to Dismiss Mail Fraud Counts, or In the Alternative to Strike the Omissions Theory As Insufficiently Pleaded (Case No. CR-14-0607 PJH)            10