DORON WEINBERG (SNB 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
Email: doronweinberg@aol.com

Attorney for Defendant
JOHN MICHAEL GALLOWAY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>JOHN MICHAEL GALLOWAY, et. al.,<br><br>　　　　Defendants. | CASE NO.  CR-14-0607 PJH<br><br>DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS MAIL FRAUD COUNTS OR IN THE ALTERNATIVE TO STRIKE THE THE OMISSION THEORY AS INSUFFICIENTLY PLEADED<br><br>DATE:　　July 27, 2016<br>TIME:　　2:30 p.m.<br>JUDGE:　Hon. Phyllis J. Hamilton<br>COURT:　3, 3rd Floor |

### INTRODUCTION

In order to defend the sufficiency of its mail fraud charges the government is obliged to rely on allegations in the Indictment that are expressly not incorporated in the mail fraud scheme alleged, and to posit two theories of mail fraud that are not in fact available under the law.

In explaining the mail fraud charges, the government necessarily begins with the facts set out in ¶¶ 9, 10 and 11 of the Indictment (Oppo. at 2), which describe the bid-rigging conspiracy. Yet, ¶¶ 9, 10 and 11 are not incorporated in the mail fraud scheme described in ¶¶ 15-20.  As defendants have previously noted, this omission was not inadvertent.  Paragraph 15 of the

---
Defendant's Reply Memorandum in Support of
Motion to Dismiss Mail Fraud Counts
(Case No. CR-14-0607 PJH)                         1

Indictment expressly incorporates ¶¶ 1 through 6 into the mail fraud allegations, but does not incorporate ¶¶ 9, 10 and 11.

In fact, defendants agree that the bid-rigging allegations are necessary to an understanding of the mail fraud scheme; without them the mail fraud allegations are incomplete, if not incoherent. The fraud charges are not independent crimes, but are merely the culmination of the underlying bid-rigging scheme that is alleged.

Because its allegations do not provide the necessary elements of mail fraud, the government is also obliged to suggest alternative theories of liability, specifically that:
(1) defendants can be convicted of participating in "a scheme to defraud" even if there is no evidence that they made false representations or material omissions (Oppo. at 6-8), and (2) where there are neither material false representations nor omissions, defendants can be convicted of mail fraud if they "actively concealed their anti-competitive conduct." (Oppo. at 11).

Neither of these alternative theories is viable.

## ARGUMENT

**1.      The Indictment Does Not Allege Conduct That Satisfies The Elements of Mail Fraud.**

The allegations of the Indictment contained in ¶¶ 1 through 6 and 15 through 20 assert that defendants' participated in public auctions in Contra Costa County and on some occasions held private auctions at which "payoff amounts" were determined (¶ 18a). However, because the government insists that the mail fraud scheme is a crime independent of the bid-rigging allegations and does not incorporate those allegations, the Indictment provides no clue as to what the payments were for and why. Similarly, the Indictment fails to disclose what "materially false and misleading statements" were relied upon to distribute which proceeds (¶ 18b). Nor does it disclose what monies would otherwise have gone to beneficiaries (¶ 18c), why and how the rounds and payoffs would be concealed (¶ 18d) and how the defendants were responsible in any way for allegedly "suppressed" purchase prices.

---

Defendant's Reply Memorandum in Support of
Motion to Dismiss Mail Fraud Counts
(Case No. CR-14-0607 PJH)                            2

Plainly, the government intends the Court to read into the mail fraud scheme the allegations of ¶¶ 9, 10 and 11 despite the fact that it has – quite strategically and intentionally – failed to incorporate those allegations. The Court should decline to do so; the Indictment must stand or fall as found by the grand jury.

As a result of the government's strategic ploy, the Indictment fails to allege that any crime of fraud was committed. Conducting private auctions, and exchanging money that otherwise *could have* gone to beneficiaries, and even failing to disclose these activities, are not, standing alone, criminal acts.  To become criminal, if at all, they must be tied to predicate acts that are illegal.

Thus, for example, if a purchaser at public auction, without any prior agreement to restrain bidding, obtains property and then agrees to sell it to another person who spontaneously offers a higher price, there is no crime, and the failure to notify the property sellers of this occurrence cannot possibly support a fraud charge.  Under these circumstances, the auction paperwork, including the Receipt of Funds (ROF) would have properly identified the purchaser at auction as the buyer, at the auction price bid.  It would have been unnecessary to inform the auctioneer of the subsequent sale.  In fact, in the absence of a prior agreement to restrain competitive bidding, the initial purchaser and subsequent buyer could have approached the auctioneer and identified themselves as partners to be jointly listed on the ROF, or even asked that only the subsequent buyer be listed.  Whether or not this would be contrary to the protocols of the auction, it would not constitute fraud.

Similarly, if an attendee at an auction at which property was purchased approaches the winning bidder, without any prior agreement, and informs the winning bidder that she had refrained from bidding at the public auction because she did not want to engage in a public bidding war that could have inflated the price, but now wishes to purchase the property from the winning bidder and her offer of $5000.00 in addition to the winning bid is accepted, no crime has

been committed, and there is no fraud, even if the additional $5000.00 payment is not disclosed and/or the auctioneer is asked to modify the identity of the auction winner.

It is only an underlying bid-rigging conspiracy that would raise a question of the legality of subsequent payments between auction participants and alterations of paperwork. But the government has plainly declined to incorporate the bid-rigging allegations in the fraud scheme and has therefore failed to articulate a crime.

Consideration of these scenarios reveals that there are two aspects to the Indictment's failure sufficiently to plead mail fraud:  First, it fails to suggest that defendants engaged in any conduct that was in fact illegal, and therefore their alleged machinations and concealments cannot criminalize conduct that itself may have been innocent. Second, the examples make clear that even if the underlying conduct is considered illegal (by importation of the bid-rigging allegations into the mail fraud scheme), there were no material misrepresentations or omissions. The alteration of purchaser's names, or failure to disclose additional sums of money that may have changed hands, are not material, both because they do not influence the seller's decision to sell, which was made long before, and because these changes may occur for entirely innocent reasons.

What the government's argument amounts to is not that sellers should have been told of changes in paperwork, because those changes are not material. The government is actually arguing that the defendants should have disclosed their (alleged) bid-rigging scheme, which of course they were not obligated to do.

**2.    The Indictment Fails Adequately to Allege That Defendants' Made Material False Statements or Material Omissions of Facts They Had A Duty To Disclose.**

**A.    The Charge of Mail Fraud Requires Proof of <u>A Material False Statement or Material Omission.</u>**

It is well established that mail fraud must be premised either on affirmative misrepresentation or on non-disclosure "when there exists an independent duty that has been

---
Defendant's Reply Memorandum in Support of
Motion to Dismiss Mail Fraud Counts
(Case No. CR-14-0607 PJH)                    4

breached by the person so charged." *Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015), citing *United States v. Dowling*, 739 F.2d 1445, 1449 (9th Cir. 1984), *rev'd on other grounds*, 473 U.S. 207 (1985), and *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986); see also *California Architectural Bldg. Prods. Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987).

Consistent with that requirement, Instruction 8.121 of the Ninth Circuit Manual of Model Criminal Jury Instructions provides that proof of a scheme or plan to defraud or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses requires that "the *statements made or facts omitted* as part of the scheme were material." (Emphasis supplied).

Notwithstanding this unambiguous authority, the government insists in its Opposition that (1) it can prove a scheme to defraud, as opposed to a scheme to obtain money or property by false pretenses, without proof of a false representation and (2) mail fraud may also be proved by defendants' concealment of their anti-competitive conduct, which they had no duty to disclose. The government needs to invoke these alternative theories because it cannot establish that there were material false representations or omissions.

But the government's reliance on these two alternative theories is misplaced; neither provides a basis for a mail fraud prosecution and neither suffices to state a cause of action for mail fraud.

**B. An allegation of Mail Fraud Cannot Be Based on A "Scheme to Defraud" That is Not Accomplished By Material Misrepresentations or Omissions.**

As anticipated in defendants' Motion, the government argues that *United States v. Woods*, 335 F.3d 991, 998 (9th Cir. 2003) and *United States v. Bohonus*, 628 F.2d 1167 (9th Cir. 1980) stand for the proposition that the Indictment need not allege specific misrepresentations. This contention is based on an erroneous interpretation of the mail fraud statute, which has been rejected by the United States Supreme Court.

---

Defendant's Reply Memorandum in Support of
Motion to Dismiss Mail Fraud Counts
(Case No. CR-14-0607 PJH)                               5

*Bohonus* and other cases decided before *Neder v. United States*, 527 U.S. 1 (1999) explicitly held, as the government suggests in its Opposition, that the mail fraud statute encompasses two different theories – a scheme to defraud *and* a scheme to obtain money or property by false pretenses, and *Woods* appears to adopt this formulation (335 F.3d at 999-1000).[1]

This formulation has, however, been rejected by the Supreme Court in *Neder*, *supra*, *Cleveland v. United States*, 531 U.S. 12, 46 (2000) and *Loughrin v. United States*, 134 S.Ct. 2384 (2014). Those cases establish that the use of the word "or" in § 1341 is not intended to be disjunctive, but is merely explanatory. As previously noted by defendants, the *Loughrin* Court made clear that: "despite the word 'or' *McNally* understood that provision as setting forth just one offense." (134 S.Ct. at 2391).

Following *Loughrin* it is no longer possible to contend, as the government attempts to do, that § 1341 permits prosecution on the alternative theories of "false pretenses" *and* "scheme to defraud."[2]

The argument that a "scheme to defraud" offers a separate and independent basis for a mail fraud charge and conviction is inconsistent not only with the Supreme Court's interpretation of the statute, but also with the prohibition of vagueness in criminal proceedings which "'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rule of law,' and a statute that flouts it 'violates the first essential of due process.' [Citation

---

[1] "Under the mail fraud statute the government is not required to prove any particular false statement was made [citation omitted]. Rather, there are alternative routes to a mail fraud conviction, one being proof of a scheme or artifice to defraud, which may or may not involve any specific false statements [citation omitted]."

[2] Defendants respectfully direct the Court's attention to *United States v. Kalu*, 791 F.3d 1194 which, at page 1203, n.11 explains that its former conclusion that § 1341 contained two independent offenses is no longer tenable in light of the Supreme Court's interpretation in *Cleveland* and *Loughrin*.

---

Defendant's Reply Memorandum in Support of
Motion to Dismiss Mail Fraud Counts
(Case No. CR-14-0607 PJH)                                    6

omitted]." *Johnson v. United States*, 135 S.Ct. 2551, 2556-57 (2015).

The problem with the government's "scheme to defraud" argument is precisely its vagueness. If, as the government asserts, a scheme to defraud doesn't require a false statement or a material omission, what does it require? What are the elements of a scheme to defraud that does not involve a false statement or material omission. Plainly, under the Supreme Court's recent applications of the void for vagueness doctrine the "scheme to defraud" theory cannot survive. This is clear from the way it has been described in the cases upon which the government relies. Consider, for example, the *Bohonus* Court's formulation: "the fraudulent nature of the 'scheme or artifice to defraud' is measured by a non-technical standard. Thus schemes are condemned which are contrary to public policy or which fail to measure up to the reflection of moral uprightness, fair play and right dealing in the general and business life of members of society." (628 F.2d 11657, 1171).

One can readily imagine the short shrift the *Johnson* Court would make of this definition of a crime.

Just last week the Supreme Court reversed and remanded a conviction in *McDonnell v. United States*, ___ U.S. ___ (June 27, 2016) because of instructional error that improperly broadened the potential basis for conviction. The Court identified a number of problems with the government's approach including a concern that "under the government's interpretation, the term 'official act' is not defined 'with sufficient definiteness that ordinary people can understand what conduct is prohibited' or 'in a manner that does not encourage arbitrary and discriminatory enforcement. [Citation omitted].'" Citing *Johnson, supra*, Slip. Op. at 10, see also Slip Op. at 22-24. This description applies even more clearly to the phrase "scheme to defraud."

Accordingly, the government's argument that defendants may be convicted of a scheme to defraud in the absence of false representations or omissions must be rejected.

---

Defendant's Reply Memorandum in Support of
Motion to Dismiss Mail Fraud Counts
(Case No. CR-14-0607 PJH)                                7

### C.   A Mail Fraud Charge Based on Material Omission Must Allege a Duty to Disclose.

The government also argues that the Indictment sufficiently alleges mail fraud in the absence of a duty to disclose because "the Indictment does not allege an omission scheme, but instead alleges that defendants actively concealed their anti-competitive conduct." (Oppo. at 11). Thus, as with the requirement of a false statement or representation, the government attempts to create an alternative theory – that concealment of misconduct is a basis for mail fraud prosecution separate and independent from material omissions.  This is pure invention, grounded in no more than a transparent misreading of *United States v. Benny*, *supra*.

*Benny* says nothing about, and offers no support for the theory that active concealment in the absence of a fiduciary duty is a sufficient basis for mail fraud.  In fact, *Benny* quotes *United States v. Dowling's* statement that "a nondisclosure can only serve as a basis for a fraudulent scheme when there exists an independent duty that has been breached by the person so charged." (786 F.2d at 1418).  *Benny* did not involve concealments after the fact, but rather false representations made to secure loans. As the opinion clearly states, "the record reveals . . . that Benny's fraud was active, not constructive.  Benny did not simply omit to advise Wells Fargo bank that the purchase price of DHV was $12.5 million; he affirmatively misrepresented the price as $14.5 million.  Similarly, Benny affirmatively told Wells Fargo that he was investing $2 million of his own in the deal, when in fact he did not." (*Ibid.*).

In contrast, here there were no affirmative misrepresentations made to obtain property. The purchase price at auction was correctly stated, only the later transactions were omitted, and the change in identification of the purchaser, where that occurred, is simply not material.

It is, at the least, inexplicable that, in the face of *Benny's* clear statement to the contrary, the government could claim *Benny* supports its proposition that "active concealment," as opposed to failure to disclose where a duty to disclose exists, is a sufficient basis for prosecution. (Oppo. at 12).

---

Neither *Benny* nor any other case stands for the proposition that there is "a concealment theory of fraud" under 18 U.S.C. § 1341, in addition to an omission theory, as suggested by the government. (Oppo. at 12).

Equally inexplicably, the government argues defendants' contention that a duty to disclose is required is supported only by two out-of-circuit cases. (*Id.*). In fact, defendants' Motion, at pages 7-9, specifically cited, in addition to the out-of-circuit cases, not only *Benny* itself but *Dowling, Eller,* and *United States v. Laurienti*, 611 F.3d 530, 539 (9th Cir. 2010), all Ninth Circuit decisions, as well as Judge Illston's recent decision in *United States v. Lonich*, 2016 WL 324039 (N.D. CA Jan. 27, 2016),[3] and the United States Supreme Court decision in *Chiarella v. United States*, 445 U.S. 222, 235 (1980) which stated that "when an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak."

Clearly it is defendants' argument, rather than the government's that is well and fully supported by relevant authority. The mail fraud allegations of the Indictment do not state a cause of action and must be dismissed.

Dated:   July 5, 2016                    Respectfully submitted,

LAW OFFICES OF DORON WEINBERG


 /s/ Doron Weinberg
DORON WEINBERG
Attorney for Defendant
JOHN MICHAEL GALLOWAY on behalf of
ALL DEFENDANTS

---

[3] It should be noted that the government has completely ignored defendants' argument, based on Judge Illston's decision in *Lonich*, that the government's failure to allege a duty to disclose forecloses the government from prosecuting defendants based on an omissions theory. (*Lonich* at 7-8).

---

Defendant's Reply Memorandum in Support of
Motion to Dismiss Mail Fraud Counts
(Case No. CR-14-0607 PJH)                    9