1  DORON WEINBERG (SBN 46131)
   LAW OFFICES OF DORON WEINBERG
2  523 Octavia Street
   San Francisco, CA 94102
3  Telephone: (415) 431-3472
   Facsimile: (415) 552-2703
4  Email: doronweinberg@aol.com

5  Attorney for Defendant
   JOHN MICHAEL GALLOWAY
6

7                  UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                      OAKLAND DIVISION

10

11  UNITED STATES OF AMERICA,          )    **CASE NO.  CR-14-0607 PJH**
                                       )
12        Plaintiff,                   )    **DEFENDANTS' RESPONSE TO**
                                       )    **UNITED STATES' SURREPLY TO**
13        vs.                          )    **DEFENDANTS' MOTION TO DISMISS**
                                       )    **MAIL FRAUD COUNTS OR IN THE**
14  JOHN MICHAEL GALLOWAY, et. al.,    )    **ALTERNATIVE TO STRIKE THE**
                                       )    **OMISSIONS THEORY AS**
15        Defendants.                  )    **INSUFFICIENTLY PLEADED**
                                       )
16  _____)

                          **INTRODUCTION**
17
        Having made a calculated decision designed to gain a strategic advantage over the
18
    defendants,[1] the government now asks the Court to rescue it from the unanticipated consequences
19

20  _____

21      [1]  Contrary to the government's suggestion (Surreply, fn.2), it requires no "great insight"
    to discern the government's strategy.  United States Sentencing Guideline 2B1.1(c)(3) provides
22  that, except in cases involving certain firearms, arson or explosives charges, where a "defendant
    was convicted under a statute proscribing false, fictitious or fraudulent statements or
23  representations generally (e.g., 18 U.S.C. . . . § 1341 . . .) and . . . the conduct set forth in the
    count of conviction establishes an offense specifically covered by another Guideline in Chapter
24  Two (Offense Conduct), apply that other Guideline."  Clearly, the government's purpose in the
    instant case is to avoid explicitly setting out the bid-rigging predicate in the fraud counts in order
25  to avoid the application of this Guideline provision and to seek to impose the harsher penalties
    attendant to fraud, even though the "mail fraud was directly related to the price-fixing scheme
26

27  _____
    Defendants' Response to United States'
28  Surreply (Case No. CR-14-0607 PJH)              1

1  of this choice. The government urges the Court to conclude either that mail fraud counts which

2  do not allege facts establishing any crime can be sustained by the mere insertion of generic

3  statutory terms, or that the missing allegations of criminality can be imported from a separate,

4  independent count that the government – and the grand jury – expressly failed to incorporate.

5      Neither of these contentions present a viable option for preserving the mail fraud counts.

6                                              **ARGUMENT**

7  **I.      THE MAIL FRAUD COUNTS DO NOT SET FORTH
            FACTS SUFFICIENT TO STATE AN OFFENSE**

8

9      After setting out a litany of generic terms tracking the statutory elements of fraud in ¶ 16,

   the Indictment alleges in ¶ 18 that the fraud scheme was carried out by certain actions, to wit:

10

      "a.     holding second, private auctions, known as 'rounds,' to determine pay-off
11             amounts and the schemers who would be awarded the selected properties;

12     b.     making and causing to be made materially false and misleading
               statements that trustees relied upon to distribute proceeds to beneficiaries
13             and to convey title to selective properties;

14     c.     paying co-schemers monies that otherwise would have gone to beneficiaries;

15     d.     concealing rounds and pay-offs from trustees and beneficiaries; and

16     e.     causing the suppressed purchase prices to be reported and paid to
               beneficiaries."

17

      Currently, however, the mail fraud counts do not state that defendants engaged in bid-
18
   rigging, or any other illegal conduct. Thus, for example, ¶ 18(a) refers to pay-off amounts
19
   without any explanation of what the pay-offs are for.  Subparagraph (b) asserts that false and
20
   misleading statements were made that trustees relied upon, without a hint of what those
21
   statements were or even could be. Subparagraph (c) alleges that monies otherwise would have
22
   gone to the beneficiaries without any suggestion of what this conduct was "otherwise" to.
23

24  ───────────────

25  and was not a separate course of conduct, [but] had no other purpose than to maintain and
   continue the price-fixing conspiracy. . . ." *United States v. Rubin*, 999 F.2d 194, 199 (7th Cir.
26  1993).

27  _____
   Defendants' Response to United States'
28  Surreply (Case No. CR-14-0607 PJH)                    2

1   Subparagraph (d) not only fails to explain why rounds and pay-offs were concealed, but also to

2   assert that there was any duty to disclose their existence.  And, subparagraph (e) refers to "the

3   suppressed purchase prices" without any indication of what purchase prices were suppressed, or

4   how they were.

5          Clearly, the allegations of ¶ 18 of the Indictment are without content or meaning standing

6   alone; they are meaningful, if at all, only in the context of the bid-rigging scheme set forth in

7   ¶¶ 7 through 14.  But the conduct set forth in those paragraphs is not incorporated in the mail

8   fraud counts.

9          In 1875 the United States Supreme Court declared that:

10         "It is an elementary principal of criminal pleadings that where the definition of an offense

11   . . .  includes generic terms, it is not sufficient that the indictment shall charge the offense in the

12   same generic terms as in the definition, but it must state the species  – it must descend to

13   particulars," not just to inform the defendant of the charge but also "to inform the court of the

14   facts alleged, so that it may decide whether they are sufficient in law to support a conviction if

15   one should be had."  *United States v. Cruikshank*, 92 U.S. 542, 558; see also *Russell v. United*

16   *States*, 369 U.S. 749, 763 (1962); *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994); *United*

17   *States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979); *United States v. Lonich*, 2016 WL 324039,

18   at 3 (N.D. CA 2016).

19         The court's determination of the sufficiency of an Indictment is bound by the four corners

20   of the Indictment, which must contain facts sufficient to establish that a cognizable offense has

21   been charged. "The Court should not consider evidence not appearing on the face of the

22   Indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

23         Using this measure, the mail fraud counts are plainly insufficient.  Even if the

24   government could somehow prove at trial the allegations of ¶¶ 1 through 6 and 15 through 18

25   without reference to the allegations of ¶¶ 7 to 14 – a logical and practical impossibility – they

26   would not prove facts " sufficient in law to support a conviction."

27   _____

1    Despite its repeated insistence that the mail fraud counts can stand alone without the bid-

2    rigging allegations, the government's own arguments consistently prove otherwise.  Thus, for

3    example, the government argues that the mail fraud allegations "unmistakably reflect the fact that

4    the fraud followed – and concealed – the bid-rigging," (Surreply, p.2) and that "the mail fraud

5    allegations do, in fact, allege facts that indicate bid-rigging." (*Ibid.*).  But such readings are

6    directly contrary to the Indictment itself, which goes to great lengths to avoid any reference to

7    bid-rigging in the mail fraud charges.

8    The effect of this separation is underscored by the government's attempt to summarize

9    the content of its mail fraud counts: "the Indictment also details the fraudulent scheme the grand

10   jurors found: defendants participated in rounds, made false and misleading statements in order to

11   induce trustees to transfer title to the properties, concealed the rounds and pay-offs from the

12   trustees, and caused a suppressed purchase price to be paid to the beneficiaries of the foreclosed

13   properties, all in the service of diverting money from the beneficiaries to the members of the

14   scheme." (Surreply, p.3).

15   Without reference to the bid-rigging allegations, these assertions have no meaning, and

16   certainly do not allege criminal conduct.  Without the bid-rigging conduct, there is no

17   significance to the rounds; there are no false and misleading statements that wrongly induce

18   trustees to transfer title; there are no pay-offs to be concealed; there are no suppressed purchase

19   prices; and no money to be diverted from beneficiaries.

20   That is the point of defendants' hypotheticals, a point which the government has

21   obviously missed.  The government complains that the hypotheticals are incomplete and

22   inapposite because they do not include all of the elements of fraud.  But that is exactly what the

23   hypotheticals were intended to demonstrate: that secondary sales of property and changes in

24   ownership are material or fraudulent if at all, *only* if they are tied to illegal conduct. Without the

25   bid-rigging allegations, the conduct outlined in ¶ 18, to the extent that any sense can be made of

26   it, does nothing more than suggest that some unusual activity is occurring, but it certainly does

27

28

1   not state a cause of action for fraud.

2       The government's attempt to avoid resolution of the issues presented here by suggesting

3   that materiality is a jury question is misconceived. Materiality only becomes an issue for the jury

4   to decide if the elements of mail fraud, including materiality, are properly alleged in the

5   Indictment, which they are not.

6       The government's fundamentally flawed defense of the mail fraud counts not only fails to

7   support those counts but raises an independent question of what the grand jury understood and

8   intended by its Indictment. We do not know, and can only guess at, whether the grand jury

9   intended, or was invited, to base its mail fraud charges on allegations involving bid-rigging, or

10   whether they were instructed to consider the charges completely independently. The

11   insufficiency of the Indictment thus raises a problem recognized by the Ninth Circuit in *United*

12   *States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) and *United States v. Cecil, supra*:

13
14
15
16

> "To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the Indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented, to the grand jury that indicted him."

17       *Keith,* 604 F.2d at 464; *Cecil,* 608 F.2d at 1297.

18       The essence of the issue is whether the grand jury was asked to consider the allegations of

19   Counts 1 and 2 together, or completely separately. In other words, did the jury consider ¶¶ 1

20   through 18 together in determining the existence of the bid-rigging conspiracy and the mail fraud

21   scheme alleged or was the grand jury directed to consider only ¶¶ 1 through 6 and 15 through 21

22   in deciding whether to indict for mail fraud.

23       As demonstrated above, had the jury read only ¶¶ 1 through 6 and 15 through 21 in

24   deciding whether to indict for mail fraud, it could not have done so, just as the Court, reading

25   only ¶¶ 1 through 6 and 15 through 21, should now conclude that the allegations were

26   insufficient to state a cause of action for fraud.

27

28

1    And, as will be seen, neither the grand jury nor this Court can fill the gaps with the

2 allegations contained in ¶¶ 7 through 14 of the Indictment.

3    **II.      THE MAIL FRAUD CHARGES CANNOT BE SUSTAINED
             BY REFERENCE TO THE BID-RIGGING ALLEGATIONS**

4

5    Perhaps recognizing the weakness of its argument that the mail fraud counts can stand

6 alone, the government in its Argument II explicitly invites the Court to do what it implicitly

7 suggested in Argument I: to simply read the bid-rigging allegations as part of the mail fraud

8 scheme.  In Argument II, the government asserts as fact that which it had attempted to hide in

9 Argument I, that "the fraud allegations clearly reflect bid-rigging." (Surreply, p.6).  The

10 government argues that the fraud allegations include rounds and pay-offs, the purpose of which

11 was to decide who would take title to "rigged" properties and how much the pay-offs for the

12 "bid-rig" would be; they mention suppressed prices which, the Indictment "explains" were

13 suppressed by the "bid-rigging;" and they "explain" that the rounds took place to determine who

14 would get the selected properties which the Indictment "explains" are the ones that defendants

15 "rigged the bids to obtain." (*Ibid*.).

16    The principal buttresses for these allegations are ¶¶ 9 and 11 of the Indictment which, of

17 course, are the two most significant paragraphs that the mail fraud allegations do not incorporate.

18    This argument requires the government, which had gone to great lengths to separate the

19 bid-rigging and mail fraud allegations and eliminate any reference to bid-rigging in the mail fraud

20 counts, to argue that the bid-rigging count and its allegations should be read into the mail fraud

21 scheme.

22    Relying on authorities that are completely inapposite, the government argues that the

23 Indictment should be read as a whole, and in a common sense fashion, and that the separate

24 counts of the Indictment should be jointly considered.  With striking audacity, the government

25 argues that it is defendants who are engaging in gamesmanship by insisting that the Indictment

26 should be read as it is written. Suffice to say that the accusation of gamesmanship is misdirected;

27    _____

28    Defendants' Response to United States'
     Surreply (Case No. CR-14-0607 PJH)              6

1  it was the government that carefully isolated the mail fraud and bid-rigging counts for one

2  purpose, and now asks the Court to read them together for another.

3          As the Indictment is framed, this Court cannot read the Indictment as the government

4  proposes.

5          "The Supreme Court and the Ninth Circuit have long held that
           'each count in an indictment . . . is regarded as if it were a
6          separate indictment.' And 'must be sufficient in itself.'
           Further, each count 'must stand or fall on its own allegations
7          *without reference to other counts not expressly incorporated
           by reference*.' Many of this Court's sister circuits have cited
8          the long standing rule requiring specificity with approval. We
           now reaffirm this long standing rule's validity."
9
           *United States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1159
10         (9th Cir. 2004).  (Emphasis supplied).

11         The government's failure to incorporate the bid-rigging allegations into the mail fraud

12  counts proscribes its attempt to incorporate the allegations now.

13                                        **CONCLUSION**

14         For the foregoing reasons it is respectfully urged that defendants' Motion to Dismiss Mail

15  Fraud Counts or in the Alternative to Strike the Omissions Theory as Insufficiently Pleaded must

16  be granted.

17

18  Dated: August 8, 2016                    Respectfully submitted,

19                                           LAW OFFICES OF DORON WEINBERG

20

21                                            /s/ Doron Weinberg
                                             DORON WEINBERG
22                                           Attorney for Defendant
                                             JOHN MICHAEL GALLOWAY on Behalf of
23                                           All Defendants

24

25

26

27
    _____
    Defendants' Response to United States'
28  Surreply (Case No. CR-14-0607 PJH)          7