1   ROBERT WAGGENER - SBN: 118450
    LAW OFFICE OF ROBERT WAGGENER
2   214 Duboce Avenue
    San Francisco, California 94103
3   Phone:        (415) 431-4500
    Fax:          (415) 255-8631
4   E-Mail:       rwlaw@mindspring.com

5   Attorney for Defendant THOMAS JOYCE

6   MARCUS DANIEL MERCHASIN - SBN:  55927
    Attorney and Counselor at Law
7   Post Office Box 10369
    Lahaina, Hawaii 96761
8   Phone:        (415) 269-0481
    Fax:          (415) 520-0426
9   E-Mail:       marcus@merchasin.com

10  Attorney for Defendant GLENN GUILLORY

11

12                  **UNITED STATES DISTRICT COURT**

13                 **NORTHERN DISTRICT OF CALIFORNIA**

14

15  UNITED STATES OF AMERICA             No.  CR14 00607 PJH

16                        Plaintiff,      **DEFENDANTS' JOINT RESPONSE TO**
                                          **UNITED STATES' MOTIONS *IN LIMINE***
17          v.
                                          PTC:   January 11, 2017
18  THOMAS JOYCE, GLENN GUILLORY          Time:  2:30 p.m.
                                          Crtrm: 3 (Honorable Phyllis Hamilton)
19                        Defendants.
                                      /
20

21                         **INTRODUCTION**

22          Defendants Thomas Joyce and Glenn Guillory hereby respond to the United States'

23  Motions *In Limine* (Dkt. No. 179).  The government's motion filing is very similar to the United

24  States' Motions *In Limine* filed in the *Florida* case (*United States v. Florida, et al.*, CR14 00582

25  PJH [Dkt. No. 245], with the first three of the five motions *in limine* being nearly identical.  The

26  defense in *Florida* filed Defendants' Joint Responses to the United States' Motions *In Limine*

27  [Dkt. No. 261], and then the Court ruled on the parties' motions *in limine* in its Pretrial Order

28  No. 3 [Dkt. No. 284, pp. 3-9] [hereinafter, *Florida* Order].  The present case and the *Florida* case are

1  obviously similar in terms of the basic alleged bid rigging conduct, and the defense here is not

2  going to be unnecessarily repetitive given the Court's clear prior rulings and stated inclinations

3  on the various issues.

4                                         I.

5              **RESPONSE TO MOTION *IN LIMINE* NUMBER 1**

6       The government moves to preclude evidence or argument justifying the bid rigging

7  agreements as being reasonable, noting the Court's prior granting of this motion in *Florida*.  *See,*

8  *Florida* Order, pp.3-5.  In the present case, this Court has already held that the indictment alleged

9  a "bid rigging arrangement mandating *per se* treatment" [Dkt. No. 139, p.12].  Though the

10 defense objects for the record, there is no reason to believe that the Court will not grant this

11 motion.  Nonetheless, there are a couple of points to be made.

12      As the Court recognized in its *Florida* Order, proof of any injury or financial loss is not

13 an element of bid rigging.  For that reason, banks, trustees, and beneficiaries should not be

14 referred to as "victims".  *Florida* Order, p.5.   The government obviously has to prove the

15 elements and objectives of its alleged bid rigging conspiracy, and that is necessarily going to

16 involve contextual evidence of the involvement of criers, auctioneers, banks, trustees, and

17 beneficiaries  The mechanics of how this scheme was supposedly operated is necessarily going to

18 be a part of this case.  The defense understands the limitations of the arguments that can be made

19 from this evidence, but the jury should have a fair picture of the auction process in Contra Costa

20 County at issue. In other words, the inherent acquiescence of many of the players is going to be a

21 natural part of the evidence, even if it is not specifically emphasized or argued.  Also, the other

22 side of the coin for the government's motion is that they should equally be limited as to their

23 arguments of intended injury of financial loss or gain.  In other words, the government can be

24 free to argue what they believe to be the structuring of a non-competitive "rigging" situation, but

25 they should be limited in their extension of that argument to motivation for injury or financial

26 gain by the defendants.

27 ///

28 ///

## II.

## <u>RESPONSE TO GOVERNMENT'S MOTION IN LIMINE NO. 2</u>

The government moves to admit evidence of the plea agreements of cooperating witnesses, noting the Courts granting of a similar motion in *Florida*.  *Florida* Order [Dkt. No. 284, p.5].  For the record, the defense in this case moves to exclude any evidence of the plea agreements of cooperating witnesses under FRE 403.[1] Anticipating the Court granting this motion as in *Florida*, the defense asks that the Court follow the same procedures as with the Florida cooperators and as set out in the government's motion. i.e. redacting the truthfulness provision of the admitted plea agreements until the witness's credibility is attacked; and limiting the government's questioning to the existence and terms of the guilty pleas and plea agreements, including the factual basis of the plea, the fact that the cooperator has yet to be sentenced, and the cooperators hope of receiving a reduced sentence in part because of their testimony at trial. The parties have already agreed to an appropriate limiting instruction, the same instruction used in the *Florida* case.

## III.

## <u>RESPONSE TO GOVERNMENT'S MOTION IN LIMINE NO. 3</u>

For the most part the defendants do not anticipate cross-examining the cooperating witnesses about their prior convictions and other acts, based on the disclosures provided by the government. Witness E, however, appears to have lied under penalty of perjury on a 2007 mortgage and line of credit application. This conduct goes directly to his credibility, is close in time to the alleged conspiracy,  and should be fair game for impeachment. Furthermore, should any cooperating witness open any door for impeachment during their direct testimony, defendants reserve the right to use any of their prior misdeeds or complaints against them for proper purposes pursuant to the Federal Rules of Evidence.

---

[1]    The defense is prepared to stipulate that it will not attack the credibility of any witness on the ground that their plea agreement gives them an incentive to incriminate the defendants or a bias in favor of the government.  The danger here is that the jury will consider the witness's plea agreement as to the same bid rigging conspiracy are evidence of the defendants' guilt.

## IV.

## RESPONSE TO GOVERNMENT'S MOTION IN LIMINE NO. 4

The government moves to admit certain business and public records pursuant to Federal Rules of Evidence 902 and 803.  A similar motion in *limine was* made in the *Florida* case, numbered motion *in limine* number 5, rather than 4.  As indicated in the government's present motion, the government asked the defendants to stipulate to the wholesale admission of these records on November 18, 2016.  The defense was not willing to stipulate at that time due to the bulk nature of the request, asking to stipulate to a large group of documents or items, rather than a particularized set.  The government has now produced an exhibit list with a particularized listing of the specific documents, and has further agreed that it will produce an electronic copy of all the items in its exhibit list to defense counsel by December 19, 2016.  The defendants do not anticipate objecting to the admission of the listed documents and foresee that stipulations can be achieved, but need additional time to review the specific items once electronic copies are turned over.[2] Notice will be provided to the Court as to the status of any objections or stipulations a week before the pretrial conference in this matter.

## V.

## RESPONSE TO GOVERNMENT'S MOTION IN LIMINE NO. 5

The government moves to exclude evidence or argument regarding the case disposition of nontestifying coconspirators. i.e. nontestifying individuals involved in bid rigging who have pleaded guilty, received immunity or nonprosecution agreements, or who have not been charged. The defendants do not object to the government's motion at this time, but reserve the right to introduce or argue such evidence at a later time, depending on how this evidence comes in at

///

///

---

[2]    While true that Bates numbers for the massive amount of documents have been provided on the exhibit list, the duplicative effort of pulling all the documents seems wasteful if the government is already culling out all the material.  The cooperation of the government in providing the specific electronic copies is appreciated.

1    trial.

2

3    Dated: December 7, 2016                    Respectfully submitted,

4
                                        _____
                                                            /s/
5                                       ROBERT WAGGENER
                                        Attorney for Defendant
6                                       THOMAS JOYCE

7
     Dated: December 7, 2016                    Respectfully submitted,
8

9
                                        _____
                                                            /s/
10                                      MARCUS MERCHASIN
                                        Attorney for Defendant
11                                      GLENN GUILLORY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28