ROBERT WAGGENER - SBN: 118450
LAW OFFICE OF ROBERT WAGGENER
214 Duboce Avenue
San Francisco, California 94103
Phone: (415) 431-4500
Fax: (415) 255-8631
E-Mail: rwlaw@mindspring.com

Attorney for Defendant THOMAS JOYCE

MARCUS DANIEL MERCHASIN - SBN: 55927
Attorney and Counselor at Law
Post Office Box 10369
Lahaina, Hawaii 96761
Phone: (415) 269-0481
Fax: (415) 520-0426
E-Mail: marcus@merchasin.com

Attorney for Defendant GLENN GUILLORY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR14 00607 PJH |
| Plaintiff, | **DEFENDANTS' SUPPLEMENTAL JOINT MEMORANDUM RE DISPUTED JURY INSTRUCTIONS** |
| v. | |
| THOMAS JOYCE, GLENN GUILLORY, | Date: January 11, 2017<br>Time: 2:30 p.m. |
| Defendants. | Crtrm.: 3 (Honorable Phyllis Hamilton) |

This pleading supplements Defendants' Joint Memorandum re Disputed Jury Instructions [Dkt. No. 195], noting the progress in resolving certain instruction issues with the government, and summarizing remaining disputes and objections. The government has earlier filed a Stipulated and Disputed Proposed Jury Instructions [Dkt. No. 191] setting out preliminary instructions, instructions during the course of the trial, and instructions to be given at the end of

the case. These instructions are numbered 1 through 47.[1] The only issues between the parties have to do with the instructions to be given at the end of the case, and eight instructions in particular. These eight instructions are the following[2]:

| | | |
|---|---|---|
| | 15 | [New] Charged Offense |
| | 16 | [Disputed] *Per Se* Violations of the Anti-Trust Laws |
| | 18 | [Disputed] Bid Rigging |
| | 19 | [Disputed] Elements of the Conspiracy |
| | 21 | [New] Owner or Superior-Individual Responsibility |
| | 22 | [Disputed] Multiple Conspiracies |
| | 23 | [Disputed] Inter-State Commerce |
| | 37 | [Disputed] Testimony of Witnesses Involving Special Circumstances-Immunity, Benefits, Accomplice, Plea |

The instructions at issue break down to either new instructions proposed by the government, or instructions that are disputed due to their modification or the government's suggestion that they not be included. The defense objects to the two new instructions submitted by the government that were not used in the *Florida* case. Three instructions are no longer being disputed, and three instructions remain in dispute and need to be resolved by the Court.

## I.

## **<u>NEW INSTRUCTIONS</u>**

Two new instructions submitted by the government are objected to by the defense. Both instructions were not given in the *Florida* case and the basis for the objections are set out below:

       15       Charged Offense

---

[1] Note, that the United States Proposed Jury Instructions (Blind Copy) filed by the government [Dkt. No. 192], have a list of a total of 46 instructions, because the government has dropped the "Multiple Conspiracies" instruction (No. 22) from its blind list.

[2] The numbering is from the Stipulated and Disputed Proposed Jury Instructions [Dkt. No. 191], which has a total of 47 instructions and interlineations as to the language in dispute. The five instructions where there is an actual dispute are attached hereto as Exhibits A, B and C, and are introduced herein.

21    Owner or Superior-Individual Responsibility [3]

Objection to Jury Instruction 15: This ABA instruction is a duplicative and repeats in an abbreviated and misleading fashion the language and concepts of the specific proposed jury instructions as to the alleged bid rigging conspiracy charged in the indictment, numbered 16, 17, 18, 19 and 20. It is unnecessary overkill and places false emphasis on selective portions of the other jury instructions which could potentially mislead jurors as to what constitutes the offense charged and what conclusion to reach.

Objection to Jury Instruction 21: This instruction, which only applies to defendant Guillory, repeats the language and concepts of other instructions, and confuses the concepts raised therein. It does not deal with the concept of authorized agents acting within the course and scope of their agency, aiders and abettors. and/or co-conspirators. As phrased, this instruction appears to conflict with proposed instruction 17 and conflicts with the specific charges in the indictment. This instruction appears to give rise to additional and other offenses that were not contemplated in the indictment and involve property transactions outside the original contemplation of the charges.

## II.

## INSTRUCTIONS NO LONGER IN DISPUTE

As noted within the footnotes on the submitted Proposed Instructions [Dkt. No. 191], a total of six instructions were either being specifically disputed or under consideration or review by the defense. The defense now has no objection to three of the instructions:

16    *Per Se* Violations of the Anti-Trust Laws

23    Inter-State Commerce

37    Testimony of Witnesses Involving Special Circumstances-Immunity, Benefits, Accomplice, Plea

All three of these instructions were given in the *Florida* case and the defense has no objection to

---

[3]    Both instructions are attached hereto as Exhibit A.

there being given in the case herein.

### III.

### OBJECTION TO INSTRUCTION MODIFIED BY THE GOVERNMENT

A seven-paragraph instruction, Number 18, entitled "Bid Rigging" was given to the jury in the *Florida* case.[4] The government has two basic objections to this instruction. First, the government is now proposing to strike the last sentence of the third paragraph, which reads "An internal agreement only between owners and employees of the same company does not constitute a conspiracy". The defense objects to the elimination of this sentence in the substantive instruction which was given to the *Florida* jury. Realistically, this particular sentence only applies to Mr. Guillory.

As to the language as to an internal agreement, the focus of the charges against Mr. Guillory is that he allegedly entered a single overarching bid-rigging conspiracy. The defense objects to the government's proposal to strike the language in question in that it will operate to confuse the jury as to the charged conspiracy involved and potentially misstates the law as to any other or sub-conspiracies that may or may not have been involved. The broader focus of the re-worked jury instruction changes the case and places an uncalled for emphasis at the heart of the matter as to what the conspiracy actually consisted of, and how a corporate or business entity with multiple persons at the helm or under its control, acts. Mr. Guillory was alleged to be acting on behalf of a single corporate or business entity and any intentional agreement between him as an owner or employee of the same company employing the alleged actors does not constitute an actionable conspiracy between them and any other owner or employee. The suggested deletion by the government only serves to encourage a misunderstanding based on an impermissible overbreadth that the proposed deletion in question actually handled quite well.

Second, the government is also moving to strike the last three paragraphs from the

---

[4] The instruction is attached as Exhibit B with the challenged material interlineated. In *Florida*, it was instruction No 3, given in its entirety, and that full instruction is also a part of Exhibit B.

*Florida* "Bid Rigging" instruction, which are all bracketed material from the standard ABA instruction. As to the striking of the three paragraphs, defendants jointly submit that the information given in those three paragraphs is important for the jury and should continue to be given to the jury in the present case. The "Bid Rigging" instruction in the *Florida* case, that should be given in this case, was a modification of the ABA model instruction proposed by the government,[5] that included bracketed sections of the model instruction that were proposed by the defense[6] without suggested additional modifications. *Florida* Pretrial Order No. 3 [*Florida* Dkt. No. 284, p. 18].

## IV.

## **THE MULTIPLE CONSPIRACY INSTRUCTION(S)**

The government's position is that the multiple conspiracy instruction given in *Florida* should not be given in this case.[7] The defense here has proposed a modified "Multiple Conspiracies" instruction [*See*, Dkt. Nos. 196, 199]. The defense submits that the modified "Multiple Conspiracies" is appropriate and will be supported by the trial evidence. In *Florida*, the Court added the sentence "A single conspiracy may involve several subagreements or subgroups of conspirators." to the end of the standard "Elements of Conspiracy" instruction. The modification of the "Multiple Conspiracies" instruction gives the jury appropriate guidance to

\\\\

\\\\

---

[5] *See*, United States' Proposed Jury Instructions, Proposed Instruction No. 6. American Bar Association Section of Antitrust Law, *Model Jury Instructions in Criminal Antitrust Cases* (2009) Instruction 3.G – Bid Rigging, at p. 54-56, 61-63 [*Florida* Dkt. No. 242]

[6] *See*, Defendants' Joint Proposed Jury Instructions, Proposed Instruction No. 5. American Bar Association, Section of Antitrust Law, Model Jury Instructions in Criminal Antitrust Cases (2009), Instruction 3.G – Bid Rigging, at p. 62. [*Florida* Dkt. No. 240]

[7] The "Multiple Conspiracies" instruction given in *Florida* is attached hereto as Exhibit C, along with the related Elements of Conspiracy instruction (No. 19), where the government contends that an additional sentence should be added if the "Multiple Conspiracies" instruction is given, as was done in the *Florida* case.

decide whether there are separate subgroups or sub-agreements at play, or a separate conspiracy altogether or a variance from the conspiracy charged in the Indictment.

Dated: December 7, 2016          Respectfully submitted,

                                                /s/
                                  ROBERT WAGGENER
                                  Attorney for Defendant
                                  THOMAS JOYCE

Dated: December 7, 2016          Respectfully submitted,

                                                /s/
                                  MARCUS MERCHASIN
                                  Attorney for Defendant
                                  GLENN GUILLORY